```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                    3:10CV258-MU-02
```

```
JORGE CASTREJON,               )
    Petitioner,                )
                               )
         v.                    )         ORDER
                               )
MICHAEL BELL, Supt., Pender    )
  Correctional Institution,    )
    Respondent.                )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed in the United States District Court for the Eastern District of North Carolina on May 24, 2010, and transferred to this Court by Order filed June 9, 2010. No response is necessary from the State Attorney General.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rule Governing Section 2254 Cases, Rule 4. For the reasons stated herein, Petitioner's Petition will be dismissed as time-barred.

> I.  **FACTUAL AND PROCEDURAL BACKGROUND**

According to pertinent documents, a jury convicted Petitioner

(and another individual) of trafficking cocaine. On August 12, 2005, the Superior Court of Mecklenburg County entered its Judgment imposing a term of 175 to 219 months imprisonment. Petitioner directly appealed his case to the North Carolina Court of Appeals, where he challenged various pre-trial and evidentiary rulings by the State trial court. North Carolina v. Castrejon, 179 N.C.App. 685 (Oct. 17, 2006) (unpub.). However, Petitioner's appeal was rejected. Id. at 528. Petitioner's appeal of the State Court of Appeals decision and his petition for discretionary review both were denied by the Supreme Court of North Carolina by a single Order entered January 25, 2007. North Carolina v. Castrejon, 361 N.C. 222 (Jan. 25, 2007). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

Rather, in or about January 2007, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County. However, Petitioner's MAR was denied on May 23, 2007, thereby concluding his pursuit of collateral review.

Now, after the lapse of nearly three years, Petitioner has filed the instant habeas Petition arguing that his attorney was ineffective for having failed to challenge the admission of certain evidence, and to raise a constitutional objection to a witness' use of his notes without prior disclosure to the defense. Nevertheless, this Court has determined that the instant Habeas

Petition must be summarily dismissed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other col-

lateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2).

In the instant case, Petitioner's pursuit of direct review was concluded on April 26, 2007, i.e., at the expiration of the 90-day period during which he could have sought certiorari review in the U.S. Supreme Court. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). In addition, certain public records which are maintained by the Superior Court of Mecklenburg County conclusively establish that Petitioner's MAR was denied on May 23, 2007, thereby concluding his pursuit of collateral review. Ultimately, then, in the absence of any other relevant intervening circumstances, Petitioner had up to and including May 23, 2008, in which to file the instant § 2254 Petition. U.S.C. §2244(d)(2) (noting that the 1-year limitations period is tolled during the time in which any properly filed application for review is pending). Petitioner did not file the instant Petition by that April 2008 deadline.

Further, while it has not escaped the Court's attention that Petitioner sought additional post-conviction review by filing a Petition for a Writ of Mandamus on October 6, 2009, that fact is of

4

little consequence here.  To be sure, Petitioner allowed his April 2008 AEDPA deadline to fully expire by more than 18 months before he filed such Mandamus Petition.  Thus, even if that Petition is of the type which could have tolled AEDPA's one-year deadline, it did not do so in Petitioner's case because such deadline already had expired by the time that he sought that review.  Indeed, it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's filing of his Mandamus Petition simply is irrelevant.  See generally, Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

Moreover, question 18[1] on Petitioner's form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C.

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill.  The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion."  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion."  Accordingly, given the fact that Petitioner has addressed the timeliness of his Petition -- albeit, unsuccessfully, this Court concludes that no further warning is required for him.

§ 2244(d) does not bar [their] Petition[s]." To that end, Petitioner advises the Court that his Petition should be deemed timely filed because:

> Petitioner has continuously filed appeal and post-conviction motion on his case and does no[t] believe he has past[] the one year statute of limitations. Even if Petitioner's time has expired it would be a great miscarriage of justice for the Court not to hear petitioner's Habeas Corpus petition."

(Doc. No. 1 at 13). Notably, however, Petitioner has failed to include any facts to support his conclusory assertion that a miscarriage of justice would occur in the absence of a merits review by this Court. To be sure, the instant Petition does not even hint at Petitioner's actual, factual innocence to the underlying charge. See Calderon v. Thompson, 523 U.S. 538, 559 (1998)(discussing requirements for meeting miscarriage of justice standard). Therefore, Petitioner has failed to establish a basis for construing his Petition as timely filed under any of the statutory provisions set out in § 2244(d)(1).

Likewise, the Court is aware that once in a great while a petitioner can have his filing delay excused under the principles of equitable tolling. See, e.g., Parmaei v. Jackson, 2010 WL 201775 (4th Cir. May 21, 2010) (unpub.) (equitable tolling appropriate for petitioner who untimely re-filed a § 2254 petition which, though originally submitted before one-year deadline,

6

petition was erroneously refused by a deputy clerk of court, and was subsequently mistakenly dismissed by court on exhaustion grounds). However, as the Fourth Circuit explained in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.". Id. at 330. Accordingly, in order to warrant equitable tolling, a petitioner must establish that he was prevented from asserting claims by wrongful conduct of the government, or that extraordinary circumstances beyond his control made it impossible to file claims in a timely manner. Id.; United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (discussing requirements). Inasmuch as Petitioner's assertion of a miscarriage of justice does not come close to invoking equitable tolling, the time in which he delayed bringing this Petition simply cannot be tolled.

Finally, the Court also is aware of the Fourth Circuit's decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Court -- specifically limiting its holding to the facts of that case -- concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature. However, this case is factually distinguishable from Bilal.

In Bilal, the petitioner responded to question 18 on his form

7

petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner attempted to provide an excuse for his delay. Moreover, unlike <u>Bilal</u>, this case does not involve a mere 30-day delay, rather it involves a delay of almost three years from the time that Petitioner's collateral review was completed (May 23, 2007) until the date on which he filed[2] the instant Petition (May 16, 2010). As such, this Court finds <u>Bilal</u> inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

### III. <u>CONCLUSION</u>

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DENIED and DISMISSED** as untimely filed.

---

[2] Pursuant to the so-called "mail box rule" announced in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), this Petition is construed as having been filed on May 16, 2010, the date on which Petitioner's certification reports that he placed the document in his prison's mailing system.

8

**SO ORDERED.**

Signed: June 14, 2010

Graham C. Mullen
United States District Judge